IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| POLYFLOW, LLC, § § Plaintiff, § § v. § § SPECIALTY RTP, LLC AND § JOHN R. WRIGHT, JR., § § Defendants. § § | CIVIL ACTION NO. 4:15-cv-2817 JURY TRIAL DEMANDED |

**JOINT DISCOVERY/ CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiff Polyflow, LLC and Defendants Specialty RTP, LLC and John R. Wright, Jr. submit this Joint Discovery / Case Management Plan under Rule 26(f).

**1.     State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

The parties conferred by phone on January 6, 2016 at 2:00 p.m.  Plaintiff was represented by Jeff Potts and Land Murphy.  Defendants were represented by Karen Smith and Joe Crescenzo.

**2.     List the cases related to this one that are pending in any state or federal court with the case number and court.**

None.

**3.     Briefly describe what the case is about.**

Plaintiff Polyflow, LLC manufactures and sells a line of RTP (reinforced thermoplastic) pipe.  Defendant Wright is a former employee of Polyflow who has set up a new company, Defendants Specialty RTP, that manufactures and sells RTP pipe in competition with Polyflow.

541500.1
541764.1

Polyflow alleges that Defendants are engaged in a campaign that misrepresents the nature, characteristics, and qualities of Polyflow's business and products and that Defendants have misappropriated Polyflow's confidential and proprietary information.

Defendants deny the allegations of Polyflow.

**4.     Specify the allegation of federal jurisdiction.**

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338, 1367, and 15 U.S.C. §§ 1116 and 1121.

**5.     Name the parties who disagree and the reasons.**

Defendants.

Defendants deny that they are subject to personal jurisdiction in Texas. Defendants do not have the "minimum contacts" with Texas needed for personal jurisdiction, and a Texas federal court's exercise of jurisdiction over Defendants would not comport with traditional notions of fair play and substantial justice.

Further Defendants deny that venue is proper in the Southern District of Texas. This dispute relates to Wright's Employment Agreement with Plaintiff, in which both parties agreed that Pennsylvania would have exclusive jurisdiction over any disputes relating to or arising under the Employment Agreement. Moreover, even if the jurisdictional requirements of the Employment Agreement did not control this dispute, Defendants do not have the minimum contacts needed to bestow the Southern District of Texas with jurisdiction, and this Court's exercise of jurisdiction over Defendants would not comport with traditional notions of fair play and substantial justice. Defendants neither reside in the Southern District of Texas nor maintain a regular place of business within the forum.

**6.     List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None.

**7.     List anticipated interventions.**

None.

**8.     Describe class-action issues.**

None.

**9.     State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Neither party has made initial disclosures due to Defendants' motion to dismiss. The parties have agreed to exchange disclosures after the Court rules on the motion to dismiss.

**10.    Describe the proposed agreed discovery plan, including:**

A. *Responses to all the matters raised in Rule 26(f).*

The parties have agreed to defer exchanging each party's views on the matters raised by Rule 26(f) until such time as the Court rules on Defendants' motion to dismiss.

B. *When and to whom the plaintiff anticipates it may send interrogatories.*

After the Court rules on Defendants' motion to dismiss, Plaintiff anticipates sending interrogatories to both Defendants either during or after document production is completed.

C. *When and to whom the defendant anticipates it may send interrogatories.*

After the Court rules on Defendants' Motion To Dismiss For Lack Of Personal Jurisdiction, Alternative Motion To Dismiss For Improper Venue, And Alternative Motion To Transfer Venue ("motion to dismiss"), Defendants anticipate sending interrogatories to Plaintiff either during or after document production is completed.

D. *Of whom and by when the plaintiff anticipates taking oral depositions.*

After the Court rules on Defendants' motion to dismiss, Plaintiff anticipates deposing Defendants, Peter K. Han, Tim Anderson, certain unidentified employees of ExxonMobil, Umbilicals International, ConocoPhillips, Oxy, and

other persons to be identified during discovery. Plaintiff will update this response as to the timing of depositions after the Court rules on Defendants' motion to dismiss.

E. *Of whom and by when the defendant anticipates taking oral depositions.*

After the Court rules on Defendants' motion to dismiss, Defendants anticipate deposing a corporate representative for Plaintiff, Jim Medalie, Gail Schwager, Thierry Prast, Dave Kearney, Ian Grant, and other persons to be identified during discovery. Defendants will update this response as to the timing of depositions after the Court rules on Defendants' motion to dismiss.

F. *When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.*

Plaintiff anticipates providing information on the timing of expert designations and reports after the Court rules on Defendants' motion to dismiss.

G. *List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).*

Plaintiff anticipates providing information on the timing of expert depositions after the Court rules on Defendants' motion to dismiss.

H. *List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).*

Defendants anticipate providing information on the timing of expert designations and reports after the Court rules on Defendants' motion to dismiss.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties have agreed to confer regarding a discovery plan after the Court rules on Defendants' motion to dismiss.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

The parties have not exchanged initial disclosures, which the parties agree should be served after the Court rules on Defendants' motion to dismiss. Plaintiff served requests for production on Defendants and document subpoenas on non-parties ExxonMobil and Umbilicals

International for the purpose of obtaining jurisdictional discovery related to the issues raised in Defendants' motion to dismiss.

Defendants have filed a Motion for Protection [Doc. No. 14] seeking protection in connection with the discovery sought from nonparties ExxonMobil and Umbilicals. Defendants contend that the subpoenas request documents, communications, and other materials unrelated to Defendants' alleged jurisdictional contacts with the State of Texas, thereby exceeding the scope of jurisdictional discovery. Defendants contend that the subpoenas also request documents, communications, and other materials unrelated to the factual allegations in Plaintiff's Complaint, and appear to be "fishing expeditions" for jurisdictional facts. Moreover, Defendants contend that Plaintiff's subpoenas to ExxonMobil and Umbilicals request documents, communications, and other materials containing Defendants' trade secrets and other confidential research, development, or commercial information that Plaintiff could use to Defendants' detriment.

**13.    State the date the planned discovery can be reasonably completed.**

The parties have agreed to confer regarding a discovery plan after the Court rules on Defendants' motion to dismiss.

**14.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties have not yet discussed the possibilities for a prompt settlement or resolution of the case. The parties have agreed that this discussion should take place after the Court rules on Defendants' motion to dismiss.

**15.    Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties have not yet discussed the possibilities for a prompt settlement or resolution of the case. The parties have agreed that this discussion should take place after the Court rules on Defendants' motion to dismiss.

**16.   From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The parties expect that mediation may be a reasonably suitable alternative dispute resolution technique for this case that may be effectively used after the parties have completed at least some merits discovery.

**17.   Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties consent to trial before Magistrate Judge Mary Milloy.

**18.   State whether a jury demand has been made and if was made on time.**

Plaintiff made a jury demand in its Original Complaint, and the demand was timely.

**19.   Specify the number of hours it will take to present the evidence in this case.**

The parties estimate that presentation of the evidence in this case will take between 80 and 120 hours.

**20.   List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Defendants' Motion for Protection. [Doc. No. 14]

**21.   List other motions pending.**

Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, Alternative Motion to Dismiss for Improper Venue, and Alternative Motion to Transfer Venue [Doc. No. 8]

**22.   Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None.

**23.   Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

Plaintiff filed its Disclosure of Interested Parties on September 28, 2015.

Defendants filed their Disclosure of Interested Parties on January 8 2016.

**24.     List the names, bar numbers, addresses and telephone numbers of all counsel.**

<u>Plaintiff's Counsel</u>:

| | |
|---|---|
| Jeff Potts | Land Murphy |
| TX Bar No. 00784781 | TX Bar No. 24058010 |
| 700 Louisiana, Suite 2300 | 700 Louisiana, Suite 2300 |
| Houston, Texas 77002 | Houston, Texas 77002 |
| 713.221.2317 | 713.221.2346 |

<u>Defendants' Counsel</u>:

| | |
|---|---|
| Karen D. Smith | Joseph P. Crescenzo III |
| TX Bar No. 08861039 | TX Bar No. 24072052 |
| 1301 McKinney St., Suite 3700 | 1301 McKinney St, Suite 3700 |
| Houston, Texas 77010 | Houston, Texas 77010 |
| 713-210-7417 | 713-210-7401 |


  */s/ Jeff Potts*_____        _____January 11, 2016_____
Counsel for Plaintiff(s)                                    Date



  */s/ Karen D. Smith*_____        _____January 11, 2016_____
Counsel for Defendant(s)                                  Date