EXHIBIT
A

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **POLYFLOW, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No. 4:15-cv-2817** |
| | § | **JURY DEMAND** |
| **SPECIALTY RTP, LLC AND JOHN** | § | |
| **R. WRIGHT, JR.** | § | |
| | § | |
| **Defendants.** | § | |

### DEFENDANTS' SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND ORIGINAL COUNTERCLAIM AGAINST PLAINTIFF POLYFLOW, LLC, AND JIM MOORE

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants, Specialty RTP, LLC ("Specialty RTP") and John R. Wright, Jr. ("Wright") (collectively herein, "Defendants"), file their Second Amended Answer and Affirmative Defenses to Plaintiff, Polyflow, LLC's ("Plaintiff's" or "Polyflow's") Original Complaint, and Original Counterclaim against Plaintiff and Third-Party Defendant Jim Moore.

### I.      DEFENDANTS' SECOND AMENDED ANSWER

#### A.      Jurisdiction and Venue

1.      Defendants admit that Polyflow's Original Complaint alleges claims under the Lanham Act, 15 U.S.C. § 1114 and 15 U.S.C. § 1125, as well as claims under the laws of Texas. Defendants deny, however, that the Lanham Act, 15 U.S.C. § 1114 and 15 U.S.C. § 1125, and/or any laws of Texas, make the United States District Court for the Southern District of Texas the appropriate venue for this action, which Defendants contend is governed by the mandatory

jurisdiction, forum, and venue provision in Wright's Employment Agreement with Polyflow.[1] Defendants deny the remaining allegations in Paragraph 1 of Polyflow's Original Complaint.

2.      Defendants deny that Polyflow maintains a place of business in Pennsylvania.  Upon information and belief, Polyflow closed its Pennsylvania office on December 31, 2015 after this lawsuit was filed in the United States District Court for the Southern District of Texas. Defendants admit the remaining allegations in Paragraph 2 of Polyflow's Original Complaint.

3.      Defendants admit that Specialty RTP is a Delaware limited liability company created by 887188 LLC, a Delaware limited liability company owned by Wright, and that it has a place of business in Pennsylvania.  Defendants deny, however, that Wright has "represented to industry participants that Specialty RTP has a location south of Houston."

4.      Defendants admit the allegations in Paragraph 4 of Polyflow's Original Complaint.

5.      Defendants admit the Court has personal jurisdiction over Specialty RTP and Wright because Defendants have filed an answer to Polyflow's Original Complaint.  Defendants deny the remaining allegations in Paragraph 5 of Polyflow's Original Complaint.

6.      Defendants deny the Court has subject matter jurisdiction over this matter.  Defendants contend this matter is governed by the mandatory jurisdiction, forum, and venue provision in Wright's Employment Agreement with Polyflow.[2]

7.      Defendants deny that venue is proper in the United States District Court for the Southern District of Texas.

---

[1] *See* Ex. C to Pl.'s Orig. Compl., § 10.2(b).
[2] *See* Ex. C to Pl.'s Orig. Compl., § 10.2(b).

DEFENDANTS' SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
ORIGINAL COUNTERCLAIM                                                              PAGE **2** OF **17**

## FACTUAL BACKGROUND

8.      Defendants admit that Polyflow purchased its business assets from Polyflow, Inc., in 2011.   Defendants admit the remaining allegations in Paragraph 8 of Polyflow's Original Complaint.

9.      Defendants admit that Polyflow manufactures and sells a line of reinforced thermoplastic pipe ("RTP pipe"), and that its products are marketed and sold under the tradename and mark of Thermoflex.   Defendants, however, lack knowledge or information sufficient to form a belief whether Polyflow's RTP pipe is specially formulated for use in modern oil and gas production, or whether the tradename and mark of "Thermoflex" is currently registered.   Therefore, the allegations are denied.

10.     Paragraph 10 of Polyflow's Original Complaint contains no allegations.   Therefore, no response is required.   To the extent a response is required, the allegations are denied.

11.     Paragraph 11 of Polyflow's Original Complaint contains no allegations.   Therefore, no response is required.   To the extent a response is required, the allegations are denied.

12.     Paragraph 12 of Polyflow's Original Complaint contains no allegations.   Therefore, no response is required.   To the extent a response is required, the allegations are denied.

13.     Defendants lack knowledge or information sufficient to form a belief as to whether Polyflow currently "rehabilitates old steel pipe."   Therefore, the allegation is denied.   Defendants further deny that Polyflow has done a job "turnkey" as implied by the allegations in Paragraph 13.   The remainder of Paragraph 13 contains no allegations.   Therefore, no response is required.   However, to the extent a response is required, the allegations are denied.

14.     Paragraph 14 of Polyflow's Original Complaint contains no allegations.   Therefore, no response is required.   To the extent a response is required, the allegations are denied.

15.     Paragraph 15 of Polyflow's Original Complaint contains no allegations.  Therefore, no response is required.  To the extent a response is required, the allegations are denied.

16.     Defendants lack knowledge or information sufficient to form a belief as to whether Polyflow is currently engaged in rehabilitation work.  Therefore, the allegation is denied. Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff allegedly did after Wright's departure.  Defendants deny that Polyflow has been continually engaged in rehabilitation work and that Polyflow has never exited from the rehabilitation business.  Defendants further deny the specific projects referenced in Paragraph 16 were rehabilitation projects.  Defendants admit bids were placed in 2014 by Polyflow through Wright but deny that any rehabilitation work was ordered.  Defendants deny the remaining allegations in Paragraph 16 of Polyflow's Original Complaint.

17.     Paragraph 17 of Polyflow's Original Complaint contains no allegations.  Therefore, no response is required.

18.     Defendants admit the allegations in Paragraph 18 of Polyflow's Original Complaint.

19.     Defendants admit that Wright's employment contract was effective April 29, 2011, and that it expired on April 29, 2013.  Defendants deny the remaining allegations in Paragraph 19 of Polyflow's Original Complaint.

20.     Defendants admit the allegations in Paragraph 20 of Polyflow's Original Complaint.

21.     Defendants admit the allegations in Paragraph 21 of Polyflow's Original Complaint.

22.     Defendants admit the letter agreement provides that "all terms of the Employment Agreement that survive the termination of that agreement shall remain in effect."  Defendants deny, however, the remaining allegations in Paragraph 22 of Polyflow's Original Complaint.

Defendants contend that the mandatory jurisdiction, forum, and venue provision in Section 10.2(b) of the Employment Agreement remains in effect.

23.     Defendants admit that Article VI of the Employment Agreement, Protection of Information, concerns alleged obligations with respect to Confidential Information and Work Product, as those terms are defined in the Employment Agreement.  Defendants deny the remaining allegations in Paragraph 23 of Polyflow's Original Complaint.

24.     Defendants admit the Article VII of the Employment Agreement, Statements Concerning the Company and Executive, as incorporated into the letter agreement, concerns alleged obligations with respect to statements "that (a) are slanderous, libelous, or defamatory, (b) disclose Confidential Information of the Company, or place the Company in a false light before the public."  Defendants deny the remaining allegations in Paragraph 24 of Polyflow's Original Complaint.

25.     Defendants admit that Article VIII of the Employment Agreement, Non-Competition Agreement, concerns alleged obligations with respect to competing against Polyflow. Defendants deny the remaining allegations in Paragraph 25 of Polyflow's Original Complaint.

26.     Defendants admit that Wright's July 15, 2013 letter agreement states that "In the course of your continued employment, you will be expected to comply with all of the Company's policies and procedures as may be issued from time to time," and that Wright executed the letter agreement.  Defendants deny the remaining allegations in Paragraph 26 of Polyflow's Original Complaint.

27.     Defendants lack knowledge or information sufficient form a belief as to the truth of the allegations in Paragraph 27 of Polyflow's Original Complaint.  Therefore, the allegations are denied.

28.     Defendants lack knowledge or information sufficient form a belief as to the truth of the allegations in Paragraph 28 of Polyflow's Original Complaint.   Therefore, the allegations are denied.

29.     Defendants lack knowledge or information sufficient form a belief as to the truth of the allegations in Paragraph 29 of Polyflow's Original Complaint.   Therefore, the allegations are denied.

30.     Defendants admit the allegations in Paragraph 30 of Polyflow's Original Complaint.

31.     Defendants lack knowledge or information sufficient form a belief as to the truth of the allegations in Paragraph 31 of Polyflow's Original Complaint.   Therefore, the allegations are denied.

32.     Defendants deny the allegations in Paragraph 32 of Polyflow's Original Complaint.

33.     Defendants deny the allegations in Paragraph 33 of Polyflow's Original Complaint.

34.     Defendants deny that Wright is aware of all of Polyflow's products and processes, and further denies that Wright knows all of Polyflow's confidential and proprietary information. Defendants admit the remaining allegations in Paragraph 34 of Polyflow's Original Complaint.

35.     Defendants admit that Wright created Specialty RTP, but denies that Specialty RTP was created to compete with Polyflow.

36.     Defendants deny that Specialty RTP is a competitor of Polyflow.   Defendants deny the remaining allegations in Paragraph 36 of Polyflow's Original Complaint.   Defendants deny that Wright breached any obligations to Polyflow after leaving the company.

37.     Defendants deny the allegation in Paragraph 37 of Polyflow's Original Complaint. Wright contends he was rightfully taking the position that he was not bound by any non-compete or confidentiality agreement.

DEFENDANTS' SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
ORIGINAL COUNTERCLAIM                                                           PAGE **6** OF **17**

38.     Defendants admit that Wright approached Polyflow about selling Defendants the Thermoflex pipe for Defendants' use on Exxon's Alabama project in 2015.  Defendants further admit that Polyflow did not sell the Thermoflex pipe to Defendants, even though Polyflow had entered into a contract to do so.  Defendants deny the remaining allegations in Paragraph 38 of Polyflow's Original Complaint.

39.     Defendants admit they manufacture their own pipe, and admit that in 2015 Defendants were contacting companies to potentially obtain materials for their pipe.  Defendants, however, lack knowledge or information sufficient to form a belief about whether BASF was confused as to the source of any alleged request for raw materials or whether it allegedly contacted Polyflow regarding any request for raw materials.  Therefore, the allegations are denied.  Defendants deny they are using Polyflow's proprietary materials and process to produce their own pipe.

40.     Defendants admit that the base material composition, the configuration of the braid, and the pitch and angle of the braid onto the pipe are components to making pipe such as the Thermoflex pipe.  Defendants deny the remaining allegations in Paragraph 40 of Polyflow's Original Complaint.

41.     Defendants admit they began making pipe after Wright left Polyflow.  Defendants deny the remaining allegations in Paragraph 41 of Polyflow's Original Complaint.

42.     Defendants admit they presented to Exxon technical data and test results showing the capabilities of the pipe that they would provide to Exxon.  Defendants admit this testing data was for Polyflow's Thermoflex pipe, but deny the testing data was presented without Polyflow's knowledge or permission because the testing data was presented at the time Polyflow had entered into a contract to provide the Thermoflex pipe for Defendants' use in the Alabama project. Defendants deny the remaining allegations in Paragraph 42 of Polyflow's Original Complaint.

43.     Defendants lack knowledge or information sufficient to form a belief whether Polyflow's products have been developed and tested over the past several years, or whether Polyflow's testing is done by an outside laboratory.  Therefore, the allegations are denied.  Defendants deny the remaining allegations in Paragraph 43 of Polyflow's Original Complaint.

44.     Defendants deny the allegations in Paragraph 44 of Polyflow's Original Complaint.

45.     Defendants deny the allegations in Paragraph 45 of Polyflow's Original Complaint.

46.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 46 of Polyflow's Original Complaint.  Therefore, the allegations are denied.

47.     Defendants lack knowledge or information sufficient to form a belief whether Umbilicals International has the same equipment as Polyflow to wrap braid at a particular pitch and angle around a base pipe and cover the finished product with a protective coating.  Defendants deny the remaining allegations in Paragraph 47 of Polyflow's Original Complaint.

48.     Defendants deny the allegations in Paragraph 48 of Polyflow's Original Complaint.

49.     Defendants lack knowledge or information sufficient to form a belief whether Teel Plastics in Wisconsin has the ability to make the same pipe as made by Polyflow.  Defendants deny the remaining allegations in Paragraph 49 of Polyflow's Original Complaint.

50.     Defendants admit they purchased a coupling machine from Polyflow.  Defendants deny, however, the remaining allegations in Paragraph 50 of Polyflow's Original Complaint. Defendants deny they are copying Polyflow's products or business.

51.     Defendants deny the allegations in Paragraph 51 of Polyflow's Original Complaint.

52.     Defendants admit that Exxon's main office and its head engineer in charge of the Alabama project is located within the Southern District of Texas.  Defendants lack knowledge or

information sufficient for form a belief as to the remaining allegations in Paragraph 52 of Plaintiff's Original Complaint.  Therefore, the allegations are denied.

53.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 of Polyflow's Original Complaint.  Therefore, the allegations are denied.

54.     Defendants deny the allegations in Paragraph 54 of Polyflow's Original Complaint.

55.     Defendants deny the allegations in Paragraph 55 of Polyflow's Original Complaint.

56.     Defendants admit they submitted Polyflow's installation manual to the Pipeline and Hazardous Materials Safety Administration the time Polyflow had entered into a contract to provide Thermoflex pipe for Defendants' use in the Alabama project.  Defendants deny the remaining allegations in Paragraph 56 of Polyflow's Original Complaint.  Defendants deny they have made any false or misleading descriptions of fact and/or false or misleading representations of fact with respect to Polyflow.

57.     Defendants deny the allegations in Paragraph 57 of Polyflow's Original Complaint.

58.     Defendants lack knowledge or information sufficient to form a belief whether the Pipeline and Hazardous Waste Materials Safety Administration called Polyflow for clarification of information submitted to it.  Therefore, the allegations are denied.  Defendants deny the remaining allegations in Paragraph 58 of Polyflow's Original Complaint.

59.     Defendants deny the allegations in Paragraph 59 of Polyflow's Original Complaint.

COUNT ONE

60.     Defendants' responses to Paragraphs 1-59 of Polyflow's Original Complaint are incorporated by reference as if fully set forth herein.

61.     Defendants deny the allegations in Paragraph 61 of Polyflow's Original Complaint.

62.     Defendants deny the allegations in Paragraph 62 of Polyflow's Original Complaint.

63.     Defendants deny the allegations in Paragraph 63 of Polyflow's Original Complaint.

64.     Defendants deny the allegations in Paragraph 64 of Polyflow's Original Complaint.

65.     Paragraph 65 of Polyflow's Original Complaint contains no allegations.  Therefore, no response is required.  To the extent a response is required, the allegations are denied.

66.     Defendants deny that all conditions precedent have occurred.  Specifically, Defendants allege that any alleged breach of the letter agreement by Defendants is excused by Polyflow's prior breach of the letter agreement and/or Polyflow's prior breach of the Exxon Alabama Contract referenced in the counterclaims below.  Defendants further deny that any conditions precedent have been waived or frustrated by Wright's alleged actions.

COUNT TWO

67.     Defendants' responses to Paragraphs 1-66 of Polyflow's Original Complaint are incorporated by reference as if fully set forth herein

68.     Defendants deny the allegations in Paragraph 68 of Polyflow's Original Complaint.

69.     Defendants lack knowledge or information sufficient to form a belief as to any steps Polyflow has taken to maintain the secrecy of such information since Wright left Polyflow.  Therefore, the allegation is denied.  Defendants deny the remaining allegations in Paragraph 69 of Polyflow's Original Complaint.

70.     Defendants deny the allegations in Paragraph 70 of Polyflow's Original Complaint.

71.     Defendants deny the allegations in Paragraph 71 of Polyflow's Original Complaint.

72.     To the extent Paragraph 72 contains legal conclusions, no response is required.  To the extent Paragraph 72 contains allegations, the allegations are denied.

73.     To the extent Paragraph 73 contains legal conclusions, no response is required.  To the extent Paragraph 73 contains allegations, the allegations are denied.

74.     Defendants deny the allegations in Paragraph 74 of Polyflow's Original Complaint.

75.     Defendants deny that all conditions precedent have occurred.  Defendants further deny that any conditions precedent have been waived or frustrated by Wright's alleged actions.

COUNT THREE

76.     Defendants' responses to Paragraphs 1-75 of Polyflow's Original Complaint are incorporated by reference as if fully set forth herein.

77.     Defendants deny the allegations in Paragraph 77 of Polyflow's Original Complaint.

78.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 78 of Polyflow's Original Complaint.

79.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 79 of Polyflow's Original Complaint.

80.     Defendants deny the allegations in Paragraph 80 of Polyflow's Original Complaint.

81.     Defendants deny the allegations in Paragraph 81 of Polyflow's Original Complaint.

82.     To the extent Paragraph 82 contains a legal conclusion, no response is required.  To the extent Paragraph 82 contains allegations, the allegations are denied.

83.     To the extent Paragraph 83 contains a legal conclusion, no response is required.  To the extent Paragraph 83 contains allegations, the allegations are denied.

84.     To the extent Paragraph 84 contains a legal conclusion, no response is required.  To the extent Paragraph 84 contains allegations, the allegations are denied.

## COUNT FOUR

85.     Defendants' responses to Paragraphs 1-84 of Polyflow's Original Complaint are incorporated by reference as if fully set forth herein.

86.     Defendants lack knowledge or information sufficient to form a belief whether Polyflow owns all rights, title, and interest in and to its purported "marks."   Therefore, the allegation is denied.   Defendants deny the remaining allegations in Paragraph 85 of Polyflow's Original Complaint.

87.     Defendants deny the allegations in Paragraph 87 of Polyflow's Original Complaint.

88.     Defendants deny the allegations in Paragraph 88 of Polyflow's Original Complaint.

89.     Defendants deny the allegations in Paragraph 89 of Polyflow's Original Complaint.

90.     To the extent Paragraph 90 contains legal conclusions, no response is required.   To the extent Paragraph 90 contains allegations, the allegations are denied.

91.     Defendants deny the allegations in Paragraph 91 of Polyflow's Original Complaint.

92.     To the extent Paragraph 92 contains legal conclusions, no response is required.   To the extent Paragraph 92 contains allegations, the allegations are denied.

## COUNT FIVE

93.     Defendants' responses to Paragraphs 1-92 of Polyflow's Original Complaint are incorporated by reference as if fully set forth herein.

94.     To the extent Paragraph 94 contains legal conclusions, no response is required.   To the extent Paragraph 94 contains allegations, the allegations are denied.

95.     Defendants deny the allegations in Paragraph 95 of Polyflow's Original Complaint.

96.     To the extent Paragraph 96 contains legal conclusions, no response is required.   To the extent Paragraph 96 contains allegations, the allegations are denied.

HO JPC02 909732 v2
2935062-000001 06/29/2016

97.     Defendants deny the allegations in Paragraph 97 of Polyflow's Original Complaint.

98.     To the extent Paragraph 98 contains legal conclusions, no response is required.  To the extent Paragraph 98 contains allegations, the allegations are denied.

99.     To the extent Paragraph 99 contains legal conclusions, no response is required.  To the extent Paragraph 99 contains allegations, the allegations are denied.

100.    Defendants deny the allegations in Paragraph 100 of Polyflow's Original Complaint.

101.    Defendants deny the allegations in Paragraph 101 of Polyflow's Original Complaint.

102.    To the extent Paragraph 102 contains legal conclusions, no response is required.  To the extent Paragraph 102 contains allegations, the allegations are denied.

103.    To the extent Paragraph 103 contains a legal conclusion, no response is required.  To the extent Paragraph 103 contains allegations, the allegations are denied.

104.    To the extent Paragraph 104 contains legal conclusions, no response is required.  To the extent Paragraph 104 contains allegations, the allegations are denied.

COUNT SIX

105.    Defendants' responses to Paragraphs 1-104 of Polyflow's Original Complaint are incorporated by reference as if fully set forth herein.

106.    To the extent Paragraph 106 contains legal conclusions, no response is required.  To the extent Paragraph 106 contains allegations, the allegations are denied.

107.    To the extent Paragraph 107 contains legal conclusions, no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the status of Polyflow's Thermoflex trademark.  Therefore, the allegations are denied.  Defendants deny the remaining allegations in Paragraph 107 of Polyflow's Original Complaint.

108.    To the extent Paragraph 108 contains legal conclusions, no response is required.  To the extent Paragraph 108 contains allegations, the allegations are denied.

109.    Defendants deny the allegations in Paragraph 109 of Polyflow's Original Complaint.

110.    Defendants deny the allegations in Paragraph 110 of Polyflow's Original Complaint.

111.    To the extent Paragraph 111 contains legal conclusions, no response is required.  To the extent Paragraph 111 contains allegations, the allegations are denied.

112.    To the extent Paragraph 112 contains a legal conclusion, no response is required.  To the extent Paragraph 112 contains allegations, the allegations are denied.

113.    To the extent Paragraph 113 contains legal conclusions, no response is required.  To the extent Paragraph 113 contains allegations, the allegations are denied.

COUNT SEVEN

114.    Defendants' responses to Paragraphs 1-113 of Polyflow's Original Complaint are incorporated by reference as if fully set forth herein.

115.    To the extent Paragraph 115 contains legal conclusions, no response is required.  To the extent Paragraph 115 contains allegations, the allegations are denied.

116.    To the extent Paragraph 116 contains legal conclusions, no response is required.  To the extent Paragraph 116 contains allegations, the allegations are denied.

117.    Defendants deny the allegations of Paragraph 116 of Polyflow's Original Complaint.

COUNT EIGHT

118.    Defendants' responses to Paragraphs 1-117 of Polyflow's Original Complaint are incorporated by reference as if fully set forth herein.

119.    Defendants deny the allegations in Paragraph 119 of Polyflow's Original Complaint.

120.    Defendants deny the allegations in Paragraph 120 of Polyflow's Original Complaint.

121.    To the extent Paragraph 121 contains legal conclusions, no response is required.  To the extent Paragraph 121 contains allegations, the allegations are denied.

COUNT NINE

122.    Defendants' responses to Paragraphs 1-121 of Polyflow's Original Complaint are incorporated by reference as if fully set forth herein.

123.    To the extent Paragraph 123 contains legal conclusions, no response is required.  To the extent Paragraph 123 contains allegations, the allegations are denied.

124.    Defendants deny the allegations in Paragraph 124 of Polyflow's Original Complaint.

125.    Defendants lack knowledge or information sufficient to form a belief whether "[c]ustomers and industry participants have [allegedly] demonstrated actual confusion as to the source, sponsorship, or affiliation of the parties."  Therefore, the allegation is denied. Defendants deny the remaining allegations in Paragraph 125 of Polyflow's Original Complaint.

126.    To the extent Paragraph 126 contains legal conclusions, no response is required.  To the extent Paragraph 126 contains allegations, the allegations are denied.

127.    To the extent Paragraph 127 contains legal conclusions, no response is required.  To the extent Paragraph 127 contains allegations, the allegations are denied.

PRAYER FOR RELIEF

Plaintiff's Prayer for Relief contains no allegations.  Therefore, no response is required.

**II.    DEFENDANTS' AFFIRMATIVE DEFENSES**

Defendants further assert the following affirmative defenses as to Polyflow's Original Complaint.

1.    Defendants plead ambiguity as an affirmative defense to Polyflow's allegations regarding the Employment Agreement and the July 15, 2013 letter agreement.

DEFENDANTS' SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
ORIGINAL COUNTERCLAIM                                                    PAGE **15** OF 17

2.      Any breach of the July 15, 2013 letter agreement and/or the Employment Agreement by Defendants is excused by Polyflow's prior breach of such agreements and/or the Polyflow Subcontract referenced in the counterclaims below.

3.      Plaintiff's claims are barred in whole or in part by waiver.

4.      Plaintiff failed to mitigate its alleged damages.

5.      Plaintiff's claims are barred by fraud.

6.      Plaintiff's claims are barred by estoppel and/or unclean hands.

7.      Plaintiff's claims are barred by laches.

### III.     DEFENDANTS' ORIGINAL COUNTERCLAIM AGAINST POLYFLOW AND JIM MOORE

Additionally, Specialty RTP and Wright assert its Original Counterclaim against Polyflow and its CEO, Jim Moore ("Moore").  Defendants' Original Counterclaim is being filed contemporaneously with this document and is incorporated by reference as if set out in full.

### IV.     PRAYER

For the foregoing reasons, Defendants Specialty RTP, LLC, and John R. Wright, Jr., ask that Plaintiff Polyflow, LLC, take nothing by way of its claims, and that Defendants be awarded the following relief against Plaintiff and Jim Moore:

(a)     Actual damages;

(b)     Exemplary damages;

(c)     Attorneys' fees, costs, and expenses;

(d)     Pre- and post-judgment interest; and

(e)     All other relief to which Defendants are entitled.

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
A Professional Corporation

By:      /s/ Karen D. Smith                    .
Karen D. Smith
SBN: 00785001
Joseph P. Crescenzo III
SBN: 24072052
1301 McKinney St.
Suite 3700
Houston, TX 77010
(713) 650-9700
(713) 650-9701 – Facsimile
kasmith@bakerdonelson.com
jcrescenzo@bakerdonelson.com

Attorneys for Defendants Specialty RTP, LLC, and
John R. Wright, Jr.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was served on all attorneys of record pursuant to the Federal Rules of Civil Procedure on this 30th day of June, 2016.

Jeff Potts                                                                                  *Via ECF*
Land Murphy
Smyser Kaplan & Veselka, L.L.P.
700 LOUISIANA, SUITE 2300
Houston, Texas 77002

Attorneys for Plaintiff Polyflow, LLC

*/s/  Karen D. Smith*
Karen D. Smith