IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| POLYFLOW, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:15-cv-2817 |
| § | |
| SPECIALTY RTP, LLC AND § | |
| JOHN R. WRIGHT, JR., § | JURY TRIAL DEMANDED |
| § | |
| Defendants. § | |

**ANSWER TO DEFENDANTS' FIRST AMENDED COUNTERCLAIMS**

Polyflow, LLC and Jim Moore (collectively, "Counter-Defendants") answer Specialty RTP, LLC and John R. Wright, Jr.'s (collectively, "Counter-Plaintiffs") first amended counterclaims as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Counter-Defendants admit that Specialty RTP has a place of business in Pennsylvania. Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 1 and on that basis deny them.

2. Admitted.

3. Admitted.

4. Admitted.

5. Counter-Defendants admit jurisdiction over Polyflow and deny waiver.

6. Counter-Defendants admit that this Court has personal jurisdiction over Moore, that Moore is Polyflow's CEO, that Moore occasionally works in Texas on Polyflow's behalf, and that Polyflow's principal place of business is now in Texas. Counter-Defendants deny the remaining allegations in paragraph 6.

592744.3

7. Admitted.

## FACTUAL BACKGROUND

8. Denied.

9. Denied.

10. Counter-Defendants admit that in 2011, Polyflow acquired substantially all of the intellectual property assets of Polyflow, Inc. and that those assets included existing patents, pending patents, various trade secrets and confidential, proprietary information related to the manufacture and design of RTP pipe, and the "Thermoflex" trademark. Counter-Defendants deny the "full scope" and remaining allegations in paragraph 10.

11. Counter-Defendants admit that Polyflow and Wright entered into an Employment Agreement with an "Effective Date" of April 29, 2011. To the extent a response is required to Counter-Plaintiffs' characterization of the terms of that agreement, Counter-Defendants admit that the Employment Agreement speaks for itself and otherwise deny the remaining allegations in paragraph 11.

12. Denied.

13. Counter-Defendants admit that the Employment Agreement contained non-solicitation and non-competition provisions. To the extent a response is required to Counter-Plaintiffs' characterization of the terms of that agreement, Counter-Defendants admit that the Employment Agreement speaks for itself and otherwise deny the remaining allegations in paragraph 13.

14. Counter-Defendants admit that Polyflow and Wright entered into a Letter Agreement dated July 15, 2013; that the Letter Agreement contains the modified language quoted in paragraph 14; and that Wright was employed by Polyflow until October 24, 2014. Counter-Defendants deny the remaining allegations in paragraph 14.

15. Counter-Defendants admit that Polyflow's attorney sent Wright a letter dated November 10, 2014. To the extent a response is required to Counter-Plaintiffs' characterization of the letter, Counter-Defendants admit that the letter speaks for itself and otherwise deny the remaining allegations in paragraph 15.

16. Denied.

17. Counter-Defendants admit that Wright emailed a letter to Jim Medalie and William Werdenberg on November 18, 2014, and that the contents of the letter speak for themselves. Counter-Defendants deny the remaining allegations in paragraph 17.

18. Denied.

19. Counter-Defendants admit that Jim Medalie sent Wright a letter dated January 22, 2015, and that the two paragraphs quoted in paragraph 19 appear in the letter.

20. Counter-Defendants admit that Wright sent Jim Medalie a letter dated January 22, 2015. To the extent a response is required to Counter-Plaintiffs' characterization of the letter, Counter-Defendants admit that the letter speaks for itself and otherwise deny the remaining allegations in paragraph 20.

21. Counter-Defendants admit that Wright sent Polyflow letters dated November 18, 2014, and January 22, 2015. To the extent a response is required to Counter-Plaintiffs' characterization of the letters, Counter-Defendants admit that the letters speaks for themselves and otherwise deny the remaining allegations in paragraph 21.

22. Denied.

23. Counter-Defendants admit that Jim Medalie had transitional business communications with Wright after Wright's employment with Polyflow ended. Counter-Defendants deny the remaining allegations in paragraph 23.

3

24. Counter-Defendants admit that Specialty RTP and Wright did not identify ExxonMobil regarding a potential project. Counter-Defendants deny the remaining allegations.

25. Denied.

26. Counter-Defendants admit that Wright and Polyflow exchanged documents dated March 23, 2015, among other dates, and that the documents speak for themselves. Counter-Defendants deny the remaining allegations of paragraph 26.

27. Counter-Defendants admit that Polyflow and Wright communicated on March 26, 2015. Counter-Defendants deny the remaining allegations in paragraph 27.

28. Counter-Defendants admit that Polyflow sent Wright a letter dated April 10, 2015, and that the letter speaks for itself. Counter-Defendants deny the remaining allegations in paragraph 28.

29. Denied.

30. Counter-Defendants admit that Polyflow sent Wright a letter dated April 10, 2015, and that the letter speaks for itself. Counter-Defendants deny the remaining allegations in paragraph 30.

31. Counter-Defendants admit that Polyflow sent Wright a letter dated April 10, 2015, and that the letter speaks for itself. Counter-Defendants deny the remaining allegations in paragraph 31.

32. Counter-Defendants admit that Polyflow sent Wright a letter dated April 10, 2015, and that the letter speaks for itself. Counter-Defendants deny the remaining allegations in paragraph 32.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Counter-Defendants admit that Moore communicated with Alex Watts of ExxonMobil on or about May 20, 2015. Counter-Defendants deny the remaining allegations in paragraph 37.

38. Counter-Defendants admit that on or about August 17, 2015, Wright sent an email to Werdenberg and that the content of the email speaks for itself. Counter-Defendants deny the remaining allegations in paragraph 38.

39. Counter-Defendants admit that on or about August 18, 2015, Moore sent an email to Wright and that the content of the email speaks for itself. Counter-Defendants deny the remaining allegations in paragraph 39.

40. Denied.

41. Based on the Court's order dismissing certain of Defendants counterclaims, the allegations in paragraph 38 do not require a response and are therefore denied as moot.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Counter-Defendants admit that the intellectual property Polyflow acquired from Polyflow, Inc. included existing patents, pending patents, various trade secrets, confidential,

and/or proprietary information related to the manufacture and design of RTP pipe, and the "Thermoflex" trademark. Counter-Defendants deny the remaining allegations in paragraph 47.

50. Denied.

## CAUSES OF ACTION

**Count I: Breach of Contract**

51. Counter-Defendants repeat and incorporate by reference their responses to paragraphs 1–50.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

**Count II: Business Disparagement**

57. Counter-Defendants repeat and incorporate by reference their responses to paragraphs 1–56.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Counter-Defendants admit that Counter-Plaintiffs seek exemplary damages. Counter-Defendants deny the remaining allegations in paragraph 62.

63. Denied.

592744.3

**Count III: Defamation**

64. Counter-Defendants repeat and incorporate by reference their responses to paragraphs 1–63.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

**Count IV: Tortious Interference**

69. Counter-Defendants repeat and incorporate by reference their responses to paragraphs 1–68.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

**Count V: Unfair Competition**

78. Counter-Defendants repeat and incorporate by reference their responses to paragraphs 1–77.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

## AFFIRMATIVE AND OTHER DEFENSES

Counter-Defendants assert the following affirmative and other defenses:

1. The complaint fails to state claims upon which relief can be granted.

2. Counter-Plaintiffs are not liable for breach of contract because the purported contract upon which Specialty RTP predicates its claim was never formed.

3. Counter-Plaintiffs are not liable for breach of contract because Specialty RTP failed to comply with a condition precedent of providing the required up-front payment.

4. Specialty RTP's breach of contract claim may be barred in whole or in part by the terms of the agreements referenced in the counterclaims.

5. Counter-Defendants are not liable to Counter-Plaintiffs because Counter-Plaintiffs' own acts or omissions proximately caused or contributed to their purported injury.

6. Counter-Plaintiffs' claims are barred by the doctrine of unclean hands.

7. Counter-Plaintiffs' tort claims are barred for failure to comply with the Texas Defamation Mitigation Act.

8. Counter-Defendants are not liable for defamation and business disparagement because their purported statements were substantially true.

9. Counter-Defendants are not liable for defamation and business disparagement because their purported statements were true, not defamatory, and/or were non-actionable statements of opinion.

10. Counter-Defendants are not liable for tortious interference with existing contracts or tortious interference with prospective relations because Counter-Defendants' purported statements were justified, excused, and privileged.

11. Counter-Defendants are not liable for the amount of damages claimed because Counter-Plaintiffs did not mitigate damages.

12. Counter-Plaintiffs have not satisfied conditions precedent or subsequent to their claims.

## RELIEF REQUESTED

Counter-Defendants request that the Court enter judgment in their favor and against Counter-Plaintiffs:

1. dismissing the counterclaims with prejudice;

2. awarding Counter-Defendants their costs and reasonable attorneys' fees; and

3. granting such other relief as the Court deems just and proper.

Respectfully submitted,

_/s/ Jeff Potts_
Jeff Potts (attorney-in-charge)
State Bar No. 00784781
Federal I.D. No. 16804
Land Murphy
State Bar No. 24058010
Federal I.D. No. 802346
SMYSER KAPLAN & VESELKA, L.L.P.
700 Louisiana, Suite 2300
Houston, Texas 77002
(713) 221-2300 (telephone)
(713) 221-2320 (fax)
jpotts@skv.com
lmurphy@skv.com

ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANT POLYFLOW, LLC and THIRD-PARTY DEFENDANT JIM MOORE

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2016, a true and correct copy of this document was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all attorney(s) of record.

                                     */s/ Jeff Potts*
                                     Jeff Potts

592744.3