United States District Court
Southern District of Texas
**ENTERED**
January 09, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| POLYFLOW, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:15-CV-02817 |
| | § | |
| SPECIALTY RTP, LLC, *et al.* | § | |
| | § | |
| Defendants. | | |

## ORDER ON
## DEFENDANTS' MOTION FOR LIMITED RELIEF FROM AGREED PROTECTIVE ORDER

Pending before the court is the motion by Defendants Specialty RTP, LLC ["Specialty RTP"] and John Wright ["Wright"] [collectively, "Defendants"] for limited relief from the agreed protective order entered in this case on February 5, 2016. (Motion for Limited Relief from Agreed Protective Order ["Motion"], Docket Entry #74; Agreed Protective Order, Docket Entry #25). Plaintiff Polyflow, LLC ["Plaintiff," "Polyflow"] has responded in opposition. (Plaintiff's Response to Defendants' Motion for Limited Relief from Agreed Protective Order ["Response"], Docket Entry #78; Plaintiff's Supplemental Response to Defendants' Motion for Limited Relief from Agreed Protective Order ["Supplemental Response"], Docket Entry #93). After considering the pleadings, the evidence submitted, and the applicable law, Defendants' motion is **GRANTED**, in part, and, **DENIED**, in part.

A court has discretion to modify a protective order that it has previously entered, so long as the order remains in effect. *Peoples v. Aldine Independent School District*, Civ. No. 06-2818, 2008 WL 2571900, at *2 (S.D. Tex. June 19, 2008). In determining whether to modify such an order, a

court must consider: "(1) the nature of the protective order[;] (2) the foreseeability, at the time of issuance of the order, of the modification requested[;] (3) the parties' reliance on the order; and most significantly, (4) whether good cause exists for the modification." *Id.* (citing *Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.*, 234 F.R.D. 175, 179 (N.D. Ill. 2006)). When evaluating the nature of a protective order, the court examines its scope, as well as whether the order was imposed by the court or stipulated to by the parties. *Id.* An order which covers "a specific type of identified information" is more difficult to alter than one which is broader in nature. *Murata*, 234 F.R.D. at 179). Likewise, a party's prior consent to a protective order weighs against any subsequent modification. *Peoples*, 2008 WL 2571900, at *2 (quoting *Bayer AG and Miles, Inc. v. Barr Labs., Inc.*, 162 F.R.D. 456, 458 (S.D.N.Y. 1995). In this case, the parties stipulated to the order, and it targets, specifically, all of the documents that they have designated as "Confidential Information," or "Highly Confidential Information." (Agreed Protective Order at 1). Those factors weigh against a modification. *Peoples*, 2008 WL 2571900, at *2.

The court must also determine whether the need for the requested modification was "forseeable at the time [that] the parties negotiated the original stipulated protective order." *Murata*, 234 F.R.D. at 180 (quoting *Bayer*, 162 F.R.D. at 466). In this instance, the protective order states that "[a]ny party may petition the [court,] for good cause shown i[f] the party desires relief from a term or condition th[e] Protective Order." (Agreed Protective Order at 7). And so, the express terms of the protective order weigh in favor of allowing a modification, if good cause exists to do so. *Peoples*, 2008 WL 2571900, at *2.

But most importantly, the court must determine whether that "good cause" to modify the protective order is present. In this context, "good cause" requires "changed circumstances or new

2

situations." *Peoples*, 2008 WL 2571900, at *3 (citing *Murata*, 234 F.R.D. at 180). "Good cause" may also include the "need to make information available for use in subsequent proceedings." *Id.* (citing *Bell ex rel. Bell v. Chrysler Corp.*, No. 3:99-cv-0139-M, 2002 WL 172643, at *1-2 (N.D. Tex. Feb. 1, 2002)). In determining whether a movant has established "good cause," the court must balance the requesting party's need for the modification against the resisting party's need for protection. *Id.* (citing *Murata*, 234 F.R.D. at 180). And the court also should consider any alternatives that can better accomplish the parties' goals. *Id.*

Defendants here claim that "good cause" exists for seeking a modification of the order, because Polyflow has "unfairly utilized the 'Highly Confidential Information' designation to deny [] Wright access to [] information" that is critical to his claims. (Motion at 2). They argue further that Wright must review those documents to allow him to present an adequate defense. (*Id.*). Defendants insist that there is no good faith basis for denying Wright access to those confidential documents, because he would be subject to the same confidentiality obligations as other experts who have viewed the documents. (*Id*).

In response, Plaintiff argues, at the outset, that Defendants have not shown "good cause" to modify the existing protective order. (Supplemental Response at 2). Nevertheless, Polyflow has offered an alternative to Defendants' request. (*Id*.). Plaintiff has proposed a sensible and reasonable compromise that would allow discovery to go forward, while allowing Wright access only to those "Highly Confidential" documents of Plaintiff's that were created on or before he left Polyflow in October of 2014. (Supplemental Response at 1). Polyflow also suggests that, in return, it will designate one Polyflow technical employee, or consultant, who will have access to Specialty RTP's "Highly Confidential" documents. (*Id*. at 2). Polyflow stipulates that it will not designate Jim Moore,

3

the company's CEO, to review Specialty RTP's documents. (*Id*. at 1, fn1). Finally, Plaintiff points out that Defendants are required to obtain written consent from third parties before Wright is given access to the "Highly Confidential" documents owned by those third-parties. (*Id*.).

This proposed compromise appears to serve the interests of both parties. It appropriately balances Defendants' need to have access to Polyflow's confidential information with Plaintiff's need to preserve valuable, confidential trade-secrets. Because Plaintiff has offered an alternative to a modification of the protective order which preserves the rights and interests of both parties, Defendants' motion is granted, in part, and, denied, in part.

It is **ORDERED** that Plaintiff is to present those Polyflow documents, created on or before October 31, 2014, that it has designated as "Highly Confidential" to Defendants within 14 days.

It is further **ORDERED** that Defendants are to present those Specialty RTP documents that they have designated as "Highly Confidential" to the designated Polyflow technical employee, or consultant, within 14 days. Plaintiff must designate an individual other than Jim Moore to review those Specialty RTP "Highly Confidential" documents within 10 days.

It is further **ORDERED** that Defendants are required to obtain the written consent of any third parties before Wright is given access to the "Highly Confidential" documents of those third-parties.

**SIGNED** at Houston, Texas, this 9th day of January, 2017.

**MARY MILLOY**
**UNITED STATES MAGISTRATE JUDGE**

4